IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:20CR38 |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S BRIEF IN** |
| v. | ) | **SUPPORT OF HIS FIRST** |
| | ) | **MOTION TO DISMISS** |
| JACOB A. BRUN, | ) | **COUNTS I AND II OF THE** |
| Defendant. | ) | **SUPERSEDING** |
| | ) | **INDICTMENT** |
| | ) | |

Three defects plague Counts I and II of the grand jury's indictment against Defendant Jacob Brun and, pursuant to Federal Rule Criminal Procedure 12(b)(3), Brun asks the Court to dismiss them. Should the Court fail to dismiss these counts, it must compel the United States to correct and clarify them so Brun can meaningfully prepare for trial.

Specifically, Jacob Brun moves the Court to dismiss Counts I and II of the Superseding Indictment for failing to state offenses (**Defects 1 and 2**). The Court should further dismiss Counts I and II for lack of specificity and duplicity. At a minimum, the Court must require the government to specifically plead with what dangerous or deadly weapon Brun is alleged to have assaulted a federal officer (**Defect 3**).

## FACTS

On December 19, 2019, deputies with the Douglas County Sheriff's Office Emergency Services Unit (ESU) were looking for Jacob Brun in order to execute a pair of state-issued arrest warrants. Deputies received word that Mr. Brun was

leaving a home on K Street in Omaha, Nebraska. As two deputies, including Victim 1, arrived on K Street, Brun was seen driving a gray Honda Accord west with two passengers. With the deputies blocking K Street, Brun placed the Accord in reverse and backed down the street. With the deputies following him, Brun backed the Accord down 41st Avenue and onto J Street.

According to Victim 1's report, "At that time R/D announced to attempt a vehicle takedown while the vehicle was not moving. R/D was in an unmarked Jeep Cherokee equipped with emergency lights and sirens…As R/D entered the intersection, the suspect vehicle started to move forward and turn north at a high rate of speed. R/D attempted to turn west to get out of the way of the vehicle and gain a position of advantage, but the listed vehicle rammed the driver's door on R/D's vehicle."

After Brun's arrest, the deputies searched the Honda Accord and reported finding a Taurus .380 handgun under the driver's seat.

During the investigation, one of the passengers alleged that Jacob Brun had – in the time between the vehicle takedown and his arrest -- possessed the firearm, pointed it at Victim 1, and then placed it under the front seat.

Count I of the Superseding Indictment alleges that Brun "did knowingly and feloniously assault, resist, oppose impede, intimidate, and interfere with Victim 1…. It is further alleged that [Brun] did the act or acts with a deadly or dangerous

weapon." Count II alleges that Brun "did knowingly possess a firearm…in furtherance of a crime of violence…that is, assault with a deadly weapon on a federal officer."

## LAW/ANALYSIS

First, Count I omits two critical *actus reus* components and fails to state an offense under 18 U.S.C. § 111(a)(1) and (b). It is fatally defective and must be dismissed.

Second, 18 U.S.C. § 111 is not categorically a crime of violence under 18 U.S.C. § 924(c) and, as such, Count II must also be dismissed for failure to state an offense.

Third, Counts I and II suffer from a lack of specificity and duplicitousness and risk of a non-unanimous jury verdicts. The Court should compel the government under Federal Rule 7(c)(1) to seek from the grand jury a "plain, concise, definite written statement" from the grand jury, specifying the "deadly or dangerous weapon" in Count I and the "deadly weapon" in Count II.

### I. Motion to dismiss Count I for failure to state an offense.

Count I, alleging a violation of 18 U.S.C. §§ 111(a)(1) and (b), fails to state an offense. Section 111(a)(1) states:

> Whoever…forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties…shall,

> where the acts in violation of this section constitute simple assault, be fined under this title or imprisoned not more than a year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

To the surprise of no one, § 111(b) follows § 111(a) and provides:

> (b) Enhanced penalty. – Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years or both.

The grand jury did not find probable cause that Brun assaulted, resisted, opposed, impeded, intimidated, or interfered with Victim 1 "forcibly." *See* Superseding Indictment, Count I. That these acts be committed "forcibly" is a critical element of a § 111 offense. *See United States v. Arrington,* 309 F.3d 40, 47 (D.C. Cir. 2002) (holding that "forcibly" modifies each of the § 111(a)(1) verbs, not simply "assault" and that, per *United States v. Heid*, 904 F.2d 69, 71 (D.C. Cir. 1994), trial courts ought to instruct juries "[b]efore you can find the defendant guilty, you must find beyond a reasonable doubt that the defendant acted forcibly.") The grand jury's omission of "forcibly" from Count I impermissibly risks Brun's conviction for an act that does not rise to the level of § 111(a)(1), *i.e.,* non-forcibly or negligently assaulting, opposing, resisting, impeding, intimidating, or interfering with a federal officer. The count returned by the grand jury fails to state an offense under 18 U.S.C. § 111 and must be dismissed.

Moreover, Count I's invocation of enhanced-penalty provision, § 111(b), is also fatally defective. Section 111 effectively creates distinct three offenses: a misdemeanor and a felony within § 111(a) and a second felony in § 111(b). *See United States v. Yates,* 304 F.3d 818, 821-22 (8th Cir. 2002) and *United States v. Vela*, 624 F.3d 1148, 1159 (9th Cir. 2010). To prove the § 111(b) felony, the government must prove one of the § 111(b) facts – use of a deadly or dangerous weapon, or the infliction of bodily injury, in the commission of the § 111(a) act(s) – beyond a reasonable doubt. *Yates*, 304 F.3d at 823. The Superseding Indictment has alleged that Jacob Brun "*did* the act or acts with a deadly or dangerous weapon." (emphasis added). But the plain language of § 111(b) demands that the deadly or dangerous weapon be "*use[d]*" "*in the commission of*" the act. *See* 18 U.S.C. § 111(b) (emphasis added). For a § 111(b) offense, it is insufficient that one merely "*do*" one of the § 111(a)(1) acts "*with*" a deadly or dangerous weapon. The § 111(b) offense demands that the deadly or dangerous weapon be more than simply present (*i.e.,* "*with*" the defendant); the weapon must actually be *used in the commission* of the act and used *intentionally*. See *Arrington,* 309 F.3d at 44-45. Count I fails to allege the *use* of deadly or dangerous weapon *in the commission of* an assault, opposition, resistance, impediment, intimidation, or interference and so Count I (or, at a

minimum, the § 111(b) penalty provision) must be dismissed.[1]

## II. Motion to dismiss Count II for failure to state an offense.

As a matter of law, Count II does not allege an underlying crime of violence and, as such, also fails to state an offense. Count II should be dismissed.

Section 924(c)(1)(A) creates two offenses: (1) the possession of a firearm in furtherance of crime of violence or drug trafficking offense and (2) the use (or carriage) of a firearm during and in relation to a crime of violence or drug-trafficking offense. Jacob Brun has been charged in Count II with possessing a firearm during and in relation to a crime of violence, specifically "assault with a deadly weapon on a federal officer, in violation of Title 18, U.S. Code, Section 111(a)(1) and (b)." Section 924(c)(3)(A) defines "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, and threatened use of physical force against the person or property of another[.]"[2]

To decide whether an underlying offense has as an element the "use ... of

---

1 If the § 111(b) penalty provision is stricken, the remaining language of Count I – which does not mention "involv[ing] physical contact with" Victim 1 or "the intent to commit another felony" – alleges, at most, a misdemeanor simple assault. *See, e.g., United States v. Olthoff,* No. 11CR354, 2012 WL 9282587, at *6, n. 2 (D. Minn. Mar. 19, 2012). That said, because Count I fails to allege the acts occurred "forcibly," it doesn't even state a misdemeanor.

2 Section 924(c)(3)(B) – the second half of the "crime of violence" definition or "residual clause" – has been declared unconstitutionally vague by the Supreme Court. *See Johnson v. United States,* 135 S.Ct. 2551 (2015) ("Johnson II.")

physical force against the person of another," courts apply a categorical approach that compares the elements of the offense of conviction with the requirements of the "force" clause. *See United States v. Fogg*, 836 F.3d 951, 954 (8th Cir. 2016). If the statute in question defines multiple crimes, courts then apply the modified categorical approach and consider only the offense of which the defendant was convicted. *See Mathis v. United States*, —— U.S. ——, 136 S. Ct. 2243, 2249 (2016).

Section 111(a) – without the deadly/dangerous weapon enhancement -- is not divisible and not categorically a crime of violence The Ninth Circuit, in *United States v. Dominguez-Maroyoqui*, considering a prior version of § 111(a), concluded that the offense did not have as an element the use, attempted use, or threatened use of physical force. 748 F.3d 918, 919-21 (9th Cir. 2014) (*see also United States v. Bell*, 158 F.3d 906, 913-914 (N.D. Cal. January 28, 2016.))

The inclusion of the § 111(b) "deadly/dangerous weapon" enhancement does not transform an overbroad statute (§ 111(a)) into an offense that categorically requires the use, attempted use, or threatened use of physical force. Section 111(b) incorporates the §111(a) acts – resisting, opposing, interfering, etc. – and adds an enhancement for the use of the weapon in the commission of these acts.[3] Section

---

3 Several circuits have concluded that § 111(b) *is* categorically a crime of violence. *See, e.g., United States v. Rafidi,* 829 F.3d 437, 445-46 (6th Cir. 2016); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 2016 (5th Cir. 2016); *United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017); *United States v. Lewis*, 724 F.App'x

111(b) does not add a force requirement to the § 111(a) acts, particularly when the "deadly or dangerous weapon" alleged is a car used in an attempt to flee.

### III. Motion to dismiss Counts I and II for lack of specificity and duplicity.

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Counts I and II, which do not list the deadly or dangerous weapon with which Brun is accused of committing certain acts, lack the specificity demanded by this rule, are duplicitous, and risk non-unanimous jury verdicts.

"'Duplicity' is the joining in a single count of two or more distinct and separate offenses. The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995) (*quoting Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973) and *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994) (internal quotation marks omitted)). In *Street*, the Eighth Circuit held that an indictment alleging the divers § 111(a) acts was not duplicitous. The *Street* Court, however, based its holding upon § 111(a) alone: "Section 111(a)(1) defines a single crime, not multiple offenses…The statute lists all of the acts of violation in one sentence, and imposes a single penalty for all of

---

269, 270 n.* (4th Cir. 2018). The Eighth Circuit has not addressed the issue.

them, 'a construction which indicates that Congress did not mean to create more than one offense.'" *Id.* (*quoting United States v. Mal,* 942 F.2d 682, 688 (9th Cir. 1991.) In Brun's case, the inclusion of the §111(b) enhanced penalty deadly/dangerous weapon element substantially compounds the number of possible verdicts. *Street's* one-crime-one-penalty predates the *Yates* and *Vela* Courts' analyses that § 111 creates three offenses (and § 111(a)(1) creates two) with different penalties. *See Yates,* 304 F.3d at 821-22 and *Vela,* 624 F.3d 1148, 1159. These counts are duplicitous and must be dismissed.

Setting aside the risk of a non-unanimous verdict, the lack of specificity in Counts I and II is making it difficult for Brun to prepare for trial. Jacob Brun cannot proceed to trial without understanding the government's legal theories of guilt on Counts I and II.

Count I -- which alleges six possible acts (assault, resistance, opposition, impediment, intimidation, and interference) done "with" one of two possible (but unnamed) deadly or dangerous weapons (the Taurus .380, the gray Honda Accord, or both) -- creates 36 different possible permutations of acts/weapons that a juror could find, *e.g.,* assault with a gun, assault with a car, assault with a gun and car, resistance with a gun, resistance with a car, resistance with both, interference with a car, etc. For example, one juror could vote to convict Jacob Brun on Count I, believing he resisted arrest with a car, while another could vote to convict Jacob

Brun because she believed he pointed a gun at Victim 1. Count I does not make specific what the allegation against Jacob Brun *is* and, as such, risks the return of a guilty-but-not-unanimous verdict.

Count II does little to clarify the factual allegations against Jacob Brun, accusing him of possessing a firearm in furtherance of a crime of violence, *i.e.,* "assault with a deadly weapon on a federal officer." This Count II language raises more questions than it answers:

Is the government only alleging *assault* in Count I and not resisting, opposing, impeding, etc.?

Is this a *different* assault?

If the "assault" was the collision of the cars and "deadly weapon" was Brun's Honda Accord, how did a firearm *further* that crime, as § 924(c) requires?

A defendant preparing for trial should not be forced to defend every conceivable government theory of his guilt. The purpose of the indictment is to place the defendant on notice as to the allegations and to narrow the jury's focus in its quest for the truth. The Superseding Indictment is hindering those processes.

## CONCLUSION

Counts I and II are fatally defective and must be dismissed. Count I, as worded, implies that Jacob Brun can be convicted of violating § 111(a)(1) and (b) without committing any of the prohibited acts "forcibly" and without using a deadly

or dangerous weapon in the commission of these acts. Count II fails to allege a qualifying crime of violence furthered by the possession of a firearm. Moreover, these counts lack specificity and are duplicitous, risking non-unanimous verdicts and forcing Jacob Brun to speculate as to which of dozens of potential legal theories of guilt the government intends to pursue.

WHEREFORE, the Defendant Jacob A. Brun prays the Court to grant this motion and dismiss Counts I and II. Jacob Brun requests an evidentiary hearing. Mr. Brun anticipates that such a hearing would not last more than one-half day.

JACOB A. BRUN, Defendant,

By: /s/ Richard H. McWilliams
**Richard H. McWilliams 22455**
**Assistant Federal Public Defender**
222 South 15th Street, Suite 300N
Omaha, NE 68102
(402)221-7896
(402) 221-7884
Rich_mcwilliams@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Lesley Woods
Assistant United States Attorney
1620 Dodge Street
Omaha, NE 68102

                                                          s/ Richard H. McWilliams