IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:20CR38** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **BRIEF IN SUPPORT** |
| **v.** | ) | **OF DEFENDANT'S MOTION TO** |
| | ) | **SUPPRESS** |
| **JACOB A. BRUN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

A probation officer may not serve as a stalking horse for sheriff's deputies who hope to avoid the hassle of complying with the Fourth Amendment's warrant requirement. The warrantless search of a private residence by the Douglas County Sheriff's Office on December 19, 2019 violated Jacob Brun's Fourth Amendment rights. Any evidence found inside the home should be suppressed.

## FACTS

On November 1, 2018, Jacob A. Brun received a sentence of eighteen (18) months of supervised probation in Douglas County (NE) District Court in Case No. 18-3204. Of the conditions imposed upon Brun, one required him to "[s]ubmit to reasonable search and seizures of his person, home, and vehicle by all law enforcement and probation officers." The order setting his probation terms noted that "[u]pon violation of any condition of probation, the defendant may be brought before the Court for further proceedings as provided by law."

On October 11, 2019, a judge in Douglas County issued an arrest warrant for Mr. Brun in Case No. 19-23592 for misdemeanor operating a motor vehicle to avoid

arrest. Based upon that allegation and others, on November 8, 2019, the Douglas County Attorney's Office filed a motion to revoke Mr. Brun's probation in Case No. 18-3204. Four days later, on November 12, 2019, the Douglas County District Court, citing Brun's failure to appear that day, issued an arrest warrant in Case No. 18-3204.

On December 19, 2019, deputies with the Douglas County Sheriff's Office received word that someone matching Mr. Brun's description had been spotted leaving a home on K Street in Omaha, Nebraska. As two deputies arrived in SUVs on K Street, Brun was driving a gray Honda Accord west. With the eastbound deputies blocking K Street, Brun placed the Accord in reverse and backed down the street. With the deputies following him, Brun backed the Accord down 41st Avenue. The deputies arrested Brun near the intersection of 41st Avenue and J Street at 10:45 a.m.

After arresting Brun, the deputies returned to the K Street home and awaited the arrival of representatives from the state probation office.

At 11:05a.m., two probation officers arrived and entered the home on K Street with sheriff's deputies to conduct a "probation search." A firearm – named in Count VI of the Superseding Indictment – was found. Drugs – the subject of Count V – and other items of evidentiary value were also found.

## ANALYSIS

I.    **The officers lacked probable cause and/or reasonable suspicion to search the private residence.**

In *Griffin v. Wisconsin*, the Supreme Court considered a warrantless "probation search" and concluded that the "special needs" of the probation system authorized warrantless searches based on reasonable suspicion rather than probable cause.   483 U.S. 868, 872-80 (1987). In *Griffin*, the Court considered the fact that the search had been conducted pursuant to a state regulation authorizing the search. *Id.* at 880.

The Eighth Circuit, considering *Griffin* in *United States v. Schoenrock*, 868 F.2d 289 (8th Cir. 1989), confirmed, however, that probation searches are still subject to Fourth Amendment reasonableness.   In *Schoenrock*, the Eighth Circuit upheld a warrantless probation search not made attendant to a regulatory scheme, but instead upon the sentencing court's careful evaluation of the defendant's particular needs. 868 F.2d at 292.

In *United States v. Giannetta,* 909 F.2d 571, 576 (1st Cir. 1990), the First Circuit considered a probation search conducted by Giannetta's probation officer along with a local police detective.   The probation officer, having received information from the detective, became suspicious that Giannetta was violating his conditions of probation and, invoking a search term, searched Giannetta's home with the assistance of other members of law enforcement. The *Giannetta* Court was "troubled by the search condition's failure to contain a reasonableness limitation[,]"

3

but found that the absence of such a limitation was "not objectionable so long as the decision to search was in fact narrowly and properly made on the basis of reasonable suspicion[.]"   909 F.2d at 576 (citing *Schoenrock*, 868 F.2d at 292.)      Quoting *United States v. Ross*, 456 U.S. 798 (1982), the *Giannetta* Court noted that the scope of the lawful search must be defined by the "entire area in which the object of the search may be found."   *Id.* at 576-77.   The Court noted that, "[c]ourts have uniformly held that probation and parole officers may not serve as 'stalking horses' for the police by initiating searches solely for police purposes in order to help the police circumvent the fourth amendment's warrant requirements."   *Id.* at 577 (*citing United States v. Cardona*, 903 F.2d 60, 65-66 (1st Cir. 1990)).   The Court noted, however, that neither "the mere presence of police during a probation search" nor "mutually beneficial cooperation" between probation officers and other officers" transformed a probation search into a police search.   *Id.* at 581 (citations omitted).

In the present case, the warrantless search of the private residence lacked the reasonableness required by the Fourth Amendment.

First, the Douglas County Sheriff's Office used the state probation office as a "stalking horse" in order to circumvent the Fourth Amendment. For 20 minutes after Mr. Brun's arrest, deputies set up a perimeter outside the home to make sure no one came or left. In that 20 minutes, the deputies called for and awaited the arrival of probation officers instead of seeking a warrant from a neutral and detached magistrate.   Unlike the probation officer in *Giannetta* who worked alongside the

4

police detective, here, the probation officers arrived well after Brun's arrest and their involvement was limited to the warrantless search of protected areas.

Second, the plain-language terms of Brun's probation merely subjected him to revocation if he refused to submit to searches. The search term did not, by its plain language, authorize searches by law enforcement *carte blanche*. The terms give Brun the discretion to *either* consent to a reasonable search *or* face revocation. The terms do not themselves provide consent or any other implicit authorization for unfettered searching. The deputies should have sought Brun's consent to search the home and, if Brun denied the consent (and if the sentencing court later deemed request reasonable), his denial could have been considered a violation of the terms of Brun's probation. In that case, the deputies would have had to type up an application for a search warrant and seek judicial approval to search the home – a minor hassle, at best.

Lastly, with the issuance of the warrant in Case No. 18-3204 and Brun's arrest on that warrant, Jacob Brun was not – at the time of the search – under the supervision of the probation officer nor subject to those *release* terms.   There is nothing in the reports to suggest that the search of the home on K Street was confined to only those areas where evidence of a probation violation might be found.

## CONCLUSION

Jacob Brun's Fourth Amendment rights were violated by the warrantless search of a private home and the Court should suppress all evidence obtained from

it. WHEREFORE, the Defendant, Jacob Brun respectfully requests that all evidence obtained by law enforcement from the December 19, 2019 search of the home on K Street be suppressed. Brun requests a hearing in this matter.

JACOB A. BRUN, Defendant,

By:  s/ Richard H. McWilliams
    **RICHARD H. MCWILLIAMS**
    **Assistant Federal Public Defender**
    222 South 15th Street, Ste. 300N
    Omaha, NE 68102
    (402) 221-7896

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Lesley Woods, Assistant United States Attorney, Omaha, NE.

s/ Richard H. McWilliams

6