IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:20CR38 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **SEVER COUNTS, REQUEST** |
| | ) | **FOR EVIDENTIARY** |
| JACOB A. BRUN | ) | **HEARING AND ORAL** |
| | ) | **ARGUMENT** |
| Defendant. | ) | |

The Defendant requests relief from improper and prejudicial joinder pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure. In support of this motion, the Defendant states as follows:

1. Counts I and II charge Mr. Brun with assaulting a federal officer with a deadly or dangerous weapon and possession of a firearm in furtherance of a crime of violence. These charges stem from the arrest of Jacob Brun on December 19, 2019.

2. Count III charges the Defendant with being a felon in possession of firearm. The count alleges that Mr. Brun had been convicted in 2018 of felony possession of a controlled substance. The firearm in question is the same firearm named in Count II.

3. Counts IV, V, and VI allege that Mr. Brun distributed methamphetamine between July 1, 2019 and December 19, 2019 (IV), possessed a controlled substance (V), and possessed a firearm in furtherance of a drug-trafficking crime (VI). The controlled substance alleged in Count V was found inside a house a block away from

1

Mr. Brun's arrest. Count VI alleges two firearms possessed in furtherance of a drug-trafficking crime: the one found in his car and a shotgun found in the house in the ensuing search.

4. Joinder of Count IV, V, and VI with Counts I, II, and III is improper under Rule 8(a) because the offenses are not of the same or similar character, are not based on the same act or transaction, and are not connected with or constituting parts of a common scheme or plan.

5. Joinder of Count III with Counts I and II is severely prejudicial under Rule 14 because a joint trial will put the elements of the Defendant's prior felony conviction and history of unlawful possessions of a controlled substance before the jury when it would not otherwise be put before the jury as to Counts I and II.

6. Joinder of Count III with Counts IV, V, and VI is severely prejudicial under Rule 14 because a joint trial will put the elements of the Defendant's prior felony conviction and history of unlawful possessions of a controlled substance before the jury when it would not otherwise be put before the jury as to Counts IV, V, and VI.

7. Joinder of Count I and II with Counts IV, V, and VI is severely prejudicial under Rule 14 because a joint trial will place before the jury allegations of Defendant's possession, use, and distribution of controlled substances when it would not otherwise be put before the jury as to Counts I and II. Having the jury hear these allegation will diminish appreciably Brun's chances of acquittal on Counts I and II.

8. The Defendant will be severely prejudiced by the joinder of these counts. This Court should sever these counts into three distinct groups: Counts I and II; Count III; and Counts IV-VI.

9. The Defendant requests evidentiary hearing and oral argument on this motion.

WHEREFORE, the Defendant moves the Court to sever these counts into three distinct groups: Counts I and II; Count III; and Counts IV-VI for trial. Jacob Brun requests a hearing on this matter (note: one is currently set in this case on other motions for September 28, 2020 at 9:00am).

A brief in support of this motion will be filed.

JACOB A. BRUN, Defendant,

By:     s/ Richard H. McWilliams
**RICHARD H. MCWILLIAMS**
**Assistant Federal Public Defender**
222 South 15th Street, Suite 300N
Omaha, NE 68102
Tel: (402) 221-7896
Fax: (402) 221-7884
Email: jeff_thomas@fd.org