IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:20CR0038 |
|---|---|
| Plaintiff, | |
| vs. | BRIEF IN RESPONSE TO DEFENDANT'S SECOND MOTION TO DISMISS (FILING NO. 39) |
| JACOB A. BRUN, | |
| Defendant. | |

COMES NOW the Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney, and responds to the Defendant's Second Motion to Dismiss Counts I and II (Filing 39), and requests that the motion be denied in its entirety.

## INTRODUCTION

The Defendant's second motion to Dismiss Counts I and II is based entirely on the element of Count I that concerns the status of the victim of the offense: Task Force Officer Austin Pratt of the Omaha Federal Bureau of Investigation (FBI) and Douglas County's Sheriff's Office (DCSO), due to Officer Pratt not qualifying as a federal victim. By law, and by the jury instruction in the Eighth Circuit for the charged offense, Officer Pratt is entitled to be a victim under federal law and is entitled to the protection of federal law for assaults he suffers on duty. This motion should be denied outright.

## FACTS

For this responsive brief, the factual basis and exhibits included in the other two motion responses filed by the United States are incorporated here by reference.

In addition to those facts, the United States will call Task Force Officer Austin Pratt to testify to the following facts:

1. TFO Pratt is a task force officer assigned to the Omaha FBI field office as a full-time task force officer. He is both deputized through the United States Marshal Service to conduct criminal investigations and serve as a federal officer and investigator for offenses that occurred in violation of Title 18 of the United States Code and a task force officer authorized direction by the Federal Bureau of Investigation as a narcotics investigator and officer with statutory authority under Title 21 of the United States Code.

2. At the time that defendant Jacob Brun had warrants for probation violations, Task Force Officer Pratt, who is a full-time task force officer with the Federal Bureau of Investigation and has been issued an FBI vehicle, was investigating Jacob Brun for federal drug distribution. TFO Pratt had a confidential source at the time that reported to him that Jacob Brun was a methamphetamine distributor in the Omaha area. TFO Pratt's investigative goal for participating in the warrants that day was to interview Jacob Brun regarding this and attempt to get Brun to disclose his source-of-supply to TFO Pratt and to begin cooperating with the FBI in a narcotics investigation. Because of the way in which the arrest happened, Brun had to go into custody right away and was not cooperative at the scene.

3. In support of Jacob Brun's methamphetamine distribution allegation, TFO Pratt recently obtained a statement during a proffer that indicated that Jacob Brun was a methamphetamine distributor and that when he was mistakenly released from custody earlier this year, he continued to distribute methamphetamine. TFO Pratt has continued to

investigate Brun's methamphetamine distribution through proffers with other inmates and will be able to sit down with another cooperating individual in the near future.

## STATEMENT OF THE LAW

A.  The Eighth Circuit Pattern Jury Instruction on Point

Section 111(a)(1) proscribes assaults on any person identified in 18 U.S.C. § 1114 "while engaged in or on account of the performance of official duties." Such persons include "any officer or employee of the United States or of any agency in any branch of the United States Government." 18 U.S.C. § 1114. Those portions of the statute are then captured in the Eighth Circuit Pattern Jury Instruction for the offense in a few specific ways. The first is in the elements of the offense itself:

> 6.18.111 ASSAULT ON A FEDERAL OFFICER WITH A DANGEROUS OR DEADLY WEAPON (18 U.S.C. § 111)
>
> The crime of assault[1] on a federal officer [with a dangerous or deadly weapon], as charged in [Count ———of] the Indictment, has [three] [four] elements, which are:
>
> One, the defendant forcibly assaulted (describe federal officer by position and name)[2] [with a deadly or dangerous weapon];[3]
>
> Two, the assault was done voluntarily and intentionally;[4] [and]
>
> [Three, the assault resulted in bodily injury;[5] and]
>
> [Three,] [Four,] at the time of the assault, (name of officer) was doing what he was employed by the federal government to do.[6]

Immediately following the elements in the jury instructions are additional definitions and instructions that are based on Eighth Circuit precedent, and those instructions and definitions also reflect the statutory requirements. The instruction further expressly includes this:

3

"**State, local or tribal officers are federal officers for the purposes of the statute if included within the designation of 18 U.S.C. § 1114 by reason of contract, <u>designation or deputization</u>**. See *United States v. Bettelyoun*, 16 F.3d 850, 852 (8th Cir. 1994), and *United States v. Oakie*, 12 F.3d [1436 (8th Cir. 1993)] at 1439–40" (Emphasis added).

B. <u>Case Law Standards</u>

One Supreme Court rationale that supports the holding identified above in the jury instruction is that any other holding would be "inconsistent with the purpose behind 18 U.S.C. § 111: 'to protect both federal officers and federal functions.'" See *United States v. Feola*, 420 U.S. 671, 679 (1975). Whether an officer's position qualifies as a federal officer is a "threshold legal question" for the court. *United States v. Bettelyoun*, 16 F.3d 850, 853 (8th Cir. 1994). Whether the officer himself was engaged in official duties at the time of the incident, are questions of fact for the jury. *Id.*

This principle was again affirmed in *Oakie*, whether the assault victim was in fact acting as an officer or employee, and whether he was performing federal "investigative, inspection, or law enforcement functions" at the time of the alleged assault, are fact questions for the jury. *Oakie*, 12 F.3d at 1440.

## **ARGUMENT**

A. <u>The portions of Brun's motion to dismiss that rely on whether Officer Pratt was participating in federal duties on December 19, 2019 must be ignored entirely for the purposes of this motion.</u>

Brun spent meaningful time in his second motion to dismiss describing the duties and actions of Officer Pratt on December 19, 2019 in an attempt to support his claim that Task Force Officer Pratt cannot be a federal officer for the purposes of the charge, but that is impermissible grounds for a court in the Eighth Circuit to rely on to address the legal question of whether Task Force Officer Pratt is a federal officer under the binding precedent of *United States v. Bettelyoun*, 16 F.3d 850, 853 (8th Cir. 1994), also cited by the Defendant in his motion. Task Force Officer

4

Pratt will testify at trial that he was participating in a federal narcotics investigation and was there that day in his FBI-issued vehicle, furthering the FBI mission, but that is a matter for the jury and cannot support a motion to dismiss.

> B. <u>Task Force Officer Austin Pratt is a deputized federal task force officer that is entitled to protection under the Eighth Circuit Pattern Jury Instruction and under Eighth Circuit precedent.</u>

The Eighth Circuit has so thoroughly addressed this issue that is memorialized in the jury instruction and definitions, and the only consideration here is whether Task Force Officer is deputized through the United States Marshals Service and authorized by the FBI to investigate federal offenses. He will testify that he is, and that is the end of the legal inquiry under the Eighth Circuit precedent and instruction, which again is summarized as follows:

> "**State, local or tribal officers are federal officers for the purposes of the statute if included within the designation of 18 U.S.C. § 1114 by reason of contract, <u>designation or deputization</u>**. See *United States v. Bettelyoun*, 16 F.3d 850, 852 (8th Cir. 1994), and *United States v. Oakie*, 12 F.3d at 1439–40" (Emphasis added).

Eighth Circuit Instruction 6.18.111.

## CONCLUSION

The Defendant did not attack Task Force Officer Pratt's deputization in his motion. He mainly summarized the facts of whether Task Force Officer Pratt was engaged in official duties on December 19, 2019. This is a matter reserved for the jury at trial. Task Force Officer Pratt is an authorized and deputized federal task force officer, and under the controlling legal standards, he must be afforded the victim protections and status of the federal law at issue.

DATED this 18th day of September, 2020.

        Respectfully submitted,

        UNITED STATES OF AMERICA,

        JOSEPH P. KELLY
        United States Attorney
        District of Nebraska

By:    *s/ Lesley Woods*
        LESLEY WOODS, TX #24092092
        Assistant United States Attorney
        1620 Dodge St., Suite 1400
        Omaha, NE 68102
        402-661-3700
        lesley.woods@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants: None.

        *s/ Lesley Woods*
        Assistant U.S. Attorney