IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR38 |
| v. | |
| JACOB A. BRUN, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Jacob A. Brun's ("Brun") First Motion to Dismiss Counts I and II of the Superseding Indictment (Filing No. 37), Second Motion to Dismiss Counts I and II of the Superseding Indictment (Filing No. 39), and Motion to Suppress Evidence (Filing No. 41). Brun also moved to sever (Filing No. 44) the six counts against him into three distinct groups for trial.

The Court referred Brun's motions to a magistrate judge,[1] who held an evidentiary hearing on October 28, 2020. *See* 28 U.S.C. § 636(b)(1) (authorizing the Court to "designate a magistrate judge to hear and determine" Brun's motion to sever and to "submit proposed findings of fact and recommendations for the disposition" of his motions to dismiss and suppress). On December 21, 2020, the magistrate judge issued a very thorough Order and Findings and Recommendation (Filing No. 75) denying Brun's motion to sever and recommending the Court deny all three of Brun's remaining motions.

On January 5, 2021, Brun filed an Objection to the Magistrate's Report and Recommendation and Order (Filing No. 76). *See id.* § 636(b)(1)(C); Fed. R. Crim. P. 59; NECrimR 59.2. He raises sixteen separate objections. In response (Filing No. 85), the government requests that Brun's "objections be denied in their entirety for failure to demonstrate . . . the Magistrate Judge's findings of fact were clearly erroneous or that the orders denying [Brun's] motions below were contrary to law." In the government's view,

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

"the Magistrate Judge's order is in keeping with controlling precedent in the Eighth Circuit, and [Brun] has offered this Court no controlling precedent to the contrary."

Under § 636(b)(1)(A), the Court will reconsider the magistrate judge's severance decision if Brun shows it "is clearly erroneous or contrary to law." *See also* Fed. R. Crim. P. 59(a) (explaining matters that do "not dispose of a charge or defense" are nondispositive). Section 636(b)(1)(C) requires de novo review of Brun's specific objections regarding his motions to dismiss and suppress. *See also* Fed. R. Crim. P. 59(b)(3). Depending on what the Court finds, it can then "accept, reject, or modify, in whole or in part," the magistrate judge's findings and recommendation and can take additional evidence if necessary. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Crim. P. 59(b)(3).

The Court has carefully reviewed Brun's detailed objections and the magistrate judge's cogent analysis and concludes Brun's objections are without merit. Brun has not shown that any part of the magistrate judge's severance decision "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

"[T]here is a strong presumption against severing properly joined counts" that a defendant can only overcome by demonstrating "severe prejudice." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010); *see also* Fed. R. Crim. P. 8(a) (joinder of offenses) and 14(a) (relief from prejudicial joinder). It is "an unusual case" in which "the prejudice resulting from a joint trial [will] be substantial enough to outweigh the 'general efficiency of joinder.'" *United States v. Kirk*, 528 F.3d 1102, 1107 (8th Cir. 2008) (quoting *United States v. Taken Alive*, 513 F.3d 899, 903 (8th Cir. 2008)). This is not such a case.

The Court further finds no error in the magistrate judge's analysis of Brun's motions to dismiss and suppress. The Court agrees those motions should denied for the reasons stated by the magistrate judge in her Order and Findings and Recommendation. Accordingly,

IT IS ORDERED:

1. Defendant Jacob A. Brun's objections (Filing No. 76) are overruled.
2. The magistrate judge's order (Filing No. 75) denying Brun's Motion to Sever (Filing No. 44) is affirmed.
3. The magistrate judge's findings and recommendation are accepted.
3. Brun's First Motion to Dismiss Counts I and II of the Superseding Indictment (Filing No. 37), Second Motion to Dismiss Counts I and II of the Superseding Indictment (Filing No. 39), and Motion to Suppress Evidence (Filing No. 41) are all denied.

Dated this 23rd day of March 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge