IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR38 |
| v. | |
| JACOB A. BRUN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Jacob A. Brun's ("Brun") pro se Motion for Time Extension (Filing No. 192). Brun "requests a time extension for the preparation of materials to be presented in collateral proceedings under Title 28 U.S.C. § 2255." He reports that as a prisoner, he "is subject to certain restrictions on his liberties" and has insufficient access to the law library when his housing unit is on lockdown. He asks for a six-month extension of the deadline to file a § 2255 motion.

After careful review, the Court finds Brun's motion must be denied. First, it is not clear the Court has jurisdiction to grant such an extension. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) (holding "that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"); *cf. United States v. Jackson*, 25 F.4th 604, 605 (8th Cir. 2022) (dismissing as moot an appeal that asked whether district courts have "jurisdiction to toll the § 2255 limitations period prior to the defendant filing a § 2255 motion"). Under § 2255(f)(1), a prisoner ordinarily must file a § 2255 within one year of the date when his judgment of conviction becomes final. *See id.* § 2255(f)(2)-(4) (listing other dates that could potentially result in a longer limitation period).

The Court entered judgment in Brun's case on July 1, 2022 (Filing No. 186). He did not appeal, so his conviction became final fourteen days later, when the time to appeal

expired. *See* Fed. R. App. P. 4(b)(1)(A); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (per curiam). At this point, the applicable statute of limitation has not run.

Although neither the Supreme Court nor the Eighth Circuit has decided the issue, most circuit courts have concluded that a prisoner cannot "ask a court to grant him an extension of time to file a 28 U.S.C. § 2255 motion before he has filed the § 2255 motion." *United States v. Asakevich*, 810 F.3d 418, 419, 421 (6th Cir. 2016) (collecting cases and reasoning that a pre-filing motion to extend not only seeks an advisory opinion in violation of the requirement of a case or controversy under Article III of the United States Constitution, but also lacks any statutory support); *see also* U.S. Const. art. III, § 2, cl. 1. *But see United States v. Thomas*, 713 F.3d 165, 173-74 (3d Cir. 2013) (concluding the defendant's underlying criminal case satisfies Article III). On the majority view, "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). This Court has followed that view. *See*, *e.g.*, *United States v. Smith*, No. 8:04CR190, 2010 WL 481000, at *1 n.1 (D. Neb. Feb. 4, 2010).

Yet even if the Court could grant Brun's motion, it wouldn't. "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Section 2255(f)'s one-year limitation period applies unless the defendant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Court will not grant an extension unless the defendant demonstrates that "'rare and exceptional' circumstances warrant" the delay. *Green*, 260 F.3d at 82-83. Brun's circumstances do not warrant an extension. *Cf. Muhammad*, 735 F.3d at 815 (noting it had previously determined "equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources" and concluding the defendant failed "to demonstrate how his five months of special confinement prevented him from meeting the one-year statute of limitations").

Based on the foregoing, defendant Jacob A. Brun's pro se Motion for Time Extension (Filing No. 192) is denied.

IT IS SO ORDERED.

Dated this 28th day of April 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge